**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEO SHUMACHER,        ) | |
|        ) | |
|     Plaintiff,       ) | |
|        ) | Case No. _____ |
|   v.        ) | |
|        ) | JURY TRIAL DEMANDED |
| CLOUDERA, INC., ROBERT BEARDEN, ) | |
| PAUL CORMIER, PETER FENTON, GARY ) | |
| HU, KEVIN KLAUSMEYER, JESSE A. ) | |
| LYNN, ROSE SCHOOLER, and MIKE ) | |
| STANKEY,       ) | |
|        ) | |
|     Defendants.     ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff Leo Shumacher ("Plaintiff"), on behalf of himself and upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. This action arises from a proposed transaction (the "Transaction") through which Cloudera, Inc. ("Cloudera" or the "Company"), a US-based company that provides an enterprise data cloud, will be acquired by affiliates of Clayton, Dubilier & Rice, LLC and Kohlberg Kravis Roberts & Co. L.P.

2. The Company's board of directors (the "Board") approved the Transaction on June 1, 2021.

3. Thereafter, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Sky Parent Inc. ("Parent") and Project Sky Merger Sub Inc. ("Merger Sub," and together with Parent, "Sky").  Pursuant to the terms of the Merger Agreement,

Cloudera's stockholders will receive $16.00 in cash for each share of Cloudera common stock they own.

4.      On July 7, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Transaction.

5.      The Proxy Statement omits material information with respect to the Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

7.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Cloudera

10.     Defendant Cloudera is a Delaware corporation and a party to the Merger

Agreement.  Cloudera's common stock is traded on the New York Stock Exchange, which is headquartered in New York, New York, under the ticker symbol "CLDR."

11.     Defendant Robert Bearden is Chief Executive Officer and a director of the Company.

12.     Defendant Paul Cormier is a director of the Company.

13.     Defendant Peter Fenton is a director of the Company.

14.     Defendant Gary Hu is a director of the Company.

15.     Defendant Kevin Klausmeyer is a director of the Company.

16.     Defendant Jesse A. Lynn is a director of the Company.

17.     Defendant Rose Schooler is a director of the Company.

18.     Defendant Mike Stankey is a director of the Company.

19.     The defendants identified in paragraphs 11 through 18 are collectively referred to herein as the "Individual Defendants."

## FACTUAL BACKGROUND

**Background Of The Company And The Transaction**

20.     Cloudera pioneered the creation of the enterprise data cloud category.  Since its founding in 2009, the Company has been a leader in multi-function data management and analytics software, including flow management, streams management, data engineering, data warehousing, streaming analytics, operational databases and machine learning.  Cloudera sells subscriptions and services for its machine learning and analytics platform, optimized for the cloud.

21.     On June 1, 2021, Cloudera's Board caused the Company to enter into the Merger Agreement with Sky.

22.     Pursuant to the terms of the Merger Agreement, Cloudera's stockholders will

receive $16.00 in cash for each share of Cloudera common stock they own.

23.     According to the press release announcing the Transaction:

Cloudera, (NYSE: CLDR), the enterprise data cloud company, today announced that it has entered into a definitive agreement to be acquired by affiliates of Clayton, Dubilier & Rice ("CD&R") and KKR in an all cash transaction valued at approximately $5.3 billion. *The transaction will result in Cloudera becoming a private company* and is expected to close in the second half of 2021.

*The Board of Directors of Cloudera (the "Board") has unanimously approved the transaction and recommends that the Cloudera shareholders approve the transaction and adopt the merger agreement.* Entities related to Icahn Group, collectively holding approximately 18% of the outstanding shares of Cloudera common stock, have entered into a voting agreement pursuant to which they have agreed, among other things, to vote their shares of Cloudera common stock in favor of the transaction.

The transaction delivers substantial value to Cloudera shareholders, who will receive $16.00 in cash per share, representing a 24% premium to the closing price as of May 28, 2021 and a 30% premium to the 30-day volume weighted average share price. . . .

Advisors

Morgan Stanley & Co LLC is serving as exclusive financial advisor to Cloudera, and Latham & Watkins, LLP is serving as legal advisor to Cloudera. GCA Advisors, LLC, BofA Securities, William Blair & Company, L.L.C., Perella Weinberg Partners LP, Cowen and J.P. Morgan are serving as financial advisors and Kirkland & Ellis, LLP and Debevoise & Plimpton LLP are serving as legal advisor to CD&R and KKR. J.P. Morgan, Bank of America, and KKR Capital Markets have committed to providing debt financing for the transaction.

**The Proxy Statement Contains Material Omissions**

24.     On July 19, 2021, the Company authorized the filing of the Proxy Statement with the SEC. The Proxy Statement recommends that the Company's shareholders vote in favor of the Transaction.

25.     As set forth below, the Proxy Statement omits material information.

26.     First, the Proxy Statement fails to disclose all line items used to calculate the financial projections, a reconciliation of all non-GAAP to GAAP metrics, and the financial metrics

underlying Operating Income/EBIT and Unlevered Free Cash Flow. The omission of this material information renders the statements in the "Management Projections" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

27.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

28.     <u>Second</u>, the Proxy Statement fails to disclose material information regarding the financial analyses performed by Morgan Stanley & Co. LLC ("Morgan Stanley"). The Proxy Statement describes Morgan Stanley's fairness opinion and the analyses supporting that opinion. That description, however, omits key inputs and assumptions underlying these analyses. Without this information, as described below, Cloudera's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Morgan Stanley's fairness opinion in determining whether to vote in favor of the Transaction or seek appraisal.

29.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

30.     Regarding Morgan Stanley's Public Trading Comparables Analysis, the Proxy fails to disclose the individual multiples for the companies.

31.     Regarding Morgan Stanley's Discounted Equity Value Analysis, the Proxy fails to disclose: (i) the levered free cash flows and the underlying line items; (ii) the net cash; (iii) the estimated fully diluted Company shares outstanding; and (iv) the inputs and assumptions underlying the discount rates.

32.     Regarding Morgan Stanley's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates; (iii) the net cash; and (iv) the net operating losses.

33.     Regarding Morgan Stanley's Precedent Transactions Multiples Analysis, the Proxy fails to disclose the individual multiples for the transactions.

34.     Regarding Morgan Stanley's Illustrative Precedent Premiums Analysis, the Proxy fails to disclose: (i) the observed transactions; and (ii) the premiums paid in the observed transactions.

35.     Regarding Morgan Stanley's Equity Research Analysts' Future Price Targets Analysis, the Proxy fails to disclose: (i) the observed price targets; and (ii) the sources of the observed price targets

36.     The omission of the above-referenced material information renders the Proxy Statement false and misleading.

37.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Cloudera

38.     Plaintiff repeats all previous allegations as if set forth in full.

39.     During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

40.     By virtue of their positions within the Company, the defendants were aware of this

information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's financial projections, and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Morgan Stanley. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements

41.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Transaction or seek to exercise their appraisal rights.

42.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

43.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants**

44.     Plaintiff repeats all previous allegations as if set forth in full.

45.     The Individual Defendants acted as controlling persons of Cloudera within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Cloudera and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that

plaintiff contends are false and misleading.

46.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Transaction.  They were thus directly involved in the making of the Proxy Statement.

48.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

49.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Preliminarily and permanently enjoin defendants, and all persons acting in concert with them from proceeding with, consummating or closing the Transaction;

B.     In the event defendants consummate the Transaction, rescind and set it aside or

award rescissory damages;

C.  Direct the Individual Defendants to disseminate a supplemental or amended Proxy Statement that does not contain untrue statements of material fact and that states all material facts necessary to make the statements contained therein not misleading;

D.  Declare that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Award Plaintiff all attorneys' fees, expert fees, and expenses incurred in prosecuting this action; and

F.  Award all other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 9, 2021

RIGRODSKY LAW, P.A.

By:  */s/ Gina M. Serra*
     Seth D. Rigrodsky
     Timothy J. MacFall
     Gina M. Serra
     Vincent A. Licata
     825 East Gate Boulevard, Suite 300
     Garden City, NY 11530
     Telephone: (516) 683-3516
     Email: sdr@rl-legal.com
     Email: tjm@rl-legal.com
     Email: gms@rl-legal.com
     Email: vl@rl-legal.com

**C.O. LAW, APC**
Clark Ovruchesky
2404 Broadway, Suite 150
San Diego, CA 92102
Telephone: (619) 356-8960
Email: co@colawcalifornia.com

*Attorneys for Plaintiff*